COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


WAYNE EARL BELL

v.        Record No. 0190-95-2        OPINION BY
                                      JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                  MARCH 19, 1996

        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                Walter W. Stout, III, Judge


        Aubrey F. Hammond, Jr., for appellant.

        Richard Rizk, Assistant Attorney General
        (James S. Gilmore, III, Attorney General;
        Robert B. Beasley, Jr., Assistant Attorney
        General, on brief), for appellee.


        Following a jury trial, the appellant, Wayne Earl Bell

("Bell"), was convicted of two counts of robbery, two counts of

using a firearm in the commission of robbery, abduction,

abduction with intent to defile, and animate/inanimate object

sexual penetration. Pursuant to the jury's recommendation, the

court sentenced Bell to sixty-six years imprisonment. Bell

appeals, contending (1) the conviction for abduction with intent

to defile should have been merged with the conviction for animate

object sexual penetration; (2) the term "animate object sexual

penetration" in Code § 18.2-67.2 excludes digital penetration of

the vagina; and (3) the evidence was insufficient to support the

jury's verdicts. We disagree and affirm the convictions.

A defendant may be convicted of abduction in addition to "another crime involving restraint of the victim, both growing out of a continuing course of conduct, . . . only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime."  Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985).

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On review, this Court does not substitute its own judgment for that of the trier of fact.  Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  Instead, the jury's verdict will not be set aside unless it appears that it is plainly wrong or without supporting evidence.  Code § 8.01-680; Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

Here, the jury's finding of an abduction separate and apart from both the robbery and the sexual assault is not plainly wrong and is supported by the evidence.  On July 17, 1994 at approximately 3:30 a.m., Carter Brooks ("Brooks") and Monica Stanley ("Stanley") left a friend's second story apartment in Richmond.  As Brooks and Stanley crossed the well-lit street, moving toward Brooks' car, Bell and Robert L. Terry ("Terry")

walked toward them, reaching the car just before they did.  After placing a gun on top of the car, Bell ordered Brooks and Stanley to empty their pockets and turn over their jewelry.  Brooks and Stanley complied.  Brooks then pulled his pockets out to demonstrate his compliance.

When Brooks and Stanley attempted to return to their friend's apartment, Bell pointed the gun at them and ordered them back.  The two returned, having pulled out their pockets to demonstrate that they possessed nothing else.  Bell then grabbed Stanley's wrist and noticed a bracelet she had not relinquished.  After Stanley indicated the bracelet was worth only eleven dollars, Bell dropped her wrist and ignored the bracelet.

The assailants then pulled Brooks and Stanley around the side of the car and ordered them to lie face down on the sidewalk.  Bell began to pat down Stanley's thighs, inner legs, and buttocks and repeatedly asked her to roll over.  The victims pleaded with Bell to stop, offering him the keys to Brooks' car and the stereo inside.  Bell put the gun to Brooks' head, pushed him back, and ordered Stanley to unzip her pants.

Bell then unzipped Stanley's pants, placed his hands inside her underwear, and inserted his fingers inside her vagina, against her will, for a period of thirty seconds to a minute.  The assailants then left.

Bell contends that when he ordered Stanley to lie down on the sidewalk and began "patting" down her body, he was continuing

the robbery and searching for more property.  He argues that he sexually assaulted Stanley from that position.  In other words, Bell contends that the only restraint he exerted was incidental to either the robbery or the sexual assault.

However, the jury could reasonably have found from the evidence that Bell's actions in pulling Stanley around the car and ordering her to lie down were acts of restraint and asportation separate and apart from the restraint inherent in either the sexual assault or the robbery.  See Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152 (1994), cert. denied, 115 S. Ct. 1826 (1995); Hoke v. Commonwealth, 237 Va. 303, 311, 377 S.E.2d 595, 600, cert. denied, 491 U.S. 910 (1989); Phoung v. Commonwealth, 15 Va. App. 457, 462, 424 S.E.2d 712, 714-15 (1992).  Furthermore, the jury could reasonably have concluded that Bell moved Stanley to avoid detection.  See Coram v. Commonwealth, 3 Va. App. 623, 626, 352 S.E.2d 532, 533-34 (1987).  Bell knew Stanley had come from across the street prior to the robbery.  Moving her around the car and ordering her to the ground took Stanley out of the line of sight from where she had come.  Indeed, the victims' friend testified that he witnessed the crimes, except the object penetration, from the window of the apartment.  His view of the sexual assault was obstructed by the car.

                                II

Bell argues that he cannot be convicted of "animate object

sexual penetration" under Code § 18.2-67.2 because his finger is not an "animate" object.  Bell's argument is without merit.

Code Section 18.2-67.2, entitled "Object Sexual Penetration," states, in part, that

> [a]n accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness who is not his or her spouse with any object . . . or . . . animal.

Bell contends that "animate" refers only to acts committed by or with an animal.  Where a statute's language is unambiguous, courts "must take the words as written and give them their plain meaning."  Williams v. Commonwealth, 12 Va. App. 912, 920-21, 407 S.E.2d 319, 325 (1991) (quoting Diggs v. Commonwealth, 6 Va. App. 300, 302, 369 S.E.2d 199, 200 (1988)).  A word's meaning takes color and expression for the purport of the entire phrase from which it is taken; meaning must be taken in context.  Turner v. Commonwealth, 226 Va. 456, 460, 309 S.E.2d 337, 339 (1983).

"Animate" means "possessing life; living."  The American Heritage Dictionary 111 (2d College Ed. 1982).  A finger is an animate object.  Furthermore, contrary to Bell's contention, "animate" penetration is not limited to penetration by an animal because the statute specifically and separately addresses that crime.

Finally, the statute does not require the Commonwealth to prove which objects are animate and which are inanimate.  As the Commonwealth argues, the statute makes it a crime to sexually

penetrate a complaining witness with "any object."  The statute prohibits inanimate or animate object sexual penetration.  The statute thus addresses the universe of objects with which an accused may not sexually penetrate a complaining witness.

III

Finally, Bell argues that the evidence was insufficient to support any of his convictions.  Bell's argument is based primarily on inconsistent reports of what Bell was wearing at the time, the fact that the victims were tired when they identified Bell and did so only after seeing their property at the police station and Bell in handcuffs, and hearing testimony that Terry's co-conspirator may have been named "James."[1]

The credibility of witnesses and the weight accorded their testimony are matters solely for the trier of fact.  Barker v. Commonwealth, 230 Va. 370, 373, 337 S.E.2d 729, 732 (1985).  Here, the evidence was sufficient.  Both Brooks and Stanley identified Bell as the assailant.  Any inconsistency between the testimony and the initial description of the clothing worn by Bell and Terry was not substantial and, in any event, was considered by the jury.  The co-conspirators were distinguished in terms of their build, clothing, and Terry's hair style.  The jury also had the opportunity to evaluate Terry's videotaped interview, which was conducted on the morning of the arrest by

_____

[1]    Bell does not challenge the admissibility of the victims' identification; he challenges only the sufficiency of the evidence.

the police, and to evaluate any inconsistencies between the statements he made then and his testimony at trial incriminating Bell.

Finding no error in the decision of the trial court, Bell's convictions are affirmed.

<u>Affirmed</u>.