COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Coleman and Elder
Argued at Salem, Virginia


TIMOTHY HERREL, S/K/A
 TIMOTHY JOSEPH HERREL
                                         OPINION BY
v.        Record No. 2138-97-3       JUDGE LARRY G. ELDER
                                        DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                        Perry W. Sarver, Judge

          Michael C. Allen (Hairfield, Morton & Allen,
          PLC, on brief), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Timothy J. Herrel (appellant) appeals from his jury trial

conviction for attempted marital sexual assault in violation of

Code § 18.2-67.2:1.  On appeal, he contends (1) his behavior did

not constitute marital sexual assault under Code § 18.2-67.2:1

because a finger is not an "object" within the meaning of that

code section, and (2) the evidence was insufficient to support

his conviction because it failed to prove the necessary intent.

For the reasons that follow, we affirm his conviction.

                              I.

                            FACTS

     Appellant was indicted for "attempt[ing] to penetrate the

anus of his spouse with an object against her will by force or

the present threat of force" in violation of Code § 18.2-67.2:1.

 A bill of particulars revealed that the object with which

appellant attempted to penetrate his wife's anus was appellant's finger.

The evidence at trial, viewed in the light most favorable to the Commonwealth, showed that, on July 7, 1996, appellant's wife (victim) began sleeping in the spare bedroom of the marital residence because she suspected appellant was seeing another woman. Appellant left on a business trip on July 9, 1996. When he returned home at about 7:30 p.m. on July 14, 1996, victim had already dressed for bed and was in the spare bedroom folding clothes. Appellant walked into the spare bedroom in the nude and pushed victim face down onto the bed. He climbed on top of victim, and when she flipped over, he grabbed her wrists. She said, "No, stop, I'm not doing it, get off of me," and she tried repeatedly to get away. Victim again told him "no" and to "[g]et off of [her]." She "kept [her] legs crossed" as they continued to struggle. Appellant then "flipped [her] over" and said, "If you're not going to give me some that way[,] then give me some this way." She saw a container of "KY Jelly from our master bedroom . . . laying to [her] right . . . on the bed," and appellant said, "We'll use some of this, . . . [and] it will slide in real easy." Appellant then "[took] his finger and wiggled it and was pushing it at [her] rectum" as he tried to keep her pinned down with his knees. Victim "freaked out," used a burst of "extra energy" to turn herself back over, and told him again to "[g]et off of [her] and leave [her] alone."

- 2 -

Victim told her mother, sister and friend about the incident and showed them her bruised arms and wrists.  Victim told her mother that appellant "had tried to penetrate . . . her anus," and she told her sister he "tried to . . . put [his finger] up her rectum."  Victim reported the incident to the authorities in September 1996, after she and appellant had separated and filed for divorce.

Appellant moved to strike at the close of the Commonwealth's evidence on the ground that it failed to prove "he attempted to penetrate her anus."  The trial court denied the motion.

Appellant testified and denied the incident.

The jury found appellant guilty of attempted marital sexual assault and, after hearing evidence relevant to sentencing, recommended a sentence of three months.

Appellant filed two post-trial motions.  On April 7, 1997, he moved to set aside the verdict on the ground that no evidence proved he attempted to penetrate victim's anus, the same ground asserted in his earlier motion to strike.  The trial court denied the motion.  On June 6, 1997, the date set for sentencing, appellant filed a second motion to set aside the verdict, claiming that his finger was not an "object" within the meaning of Code § 18.2-67.2:1.  The trial court noted that the statute's use of the term "any object" includes both animate and inanimate objects in keeping with the ordinary dictionary meaning of the term "object."  It denied the motion and imposed sentence in

accord with the jury's recommendation.

## II.

## ANALYSIS

## A.

### SCOPE OF "ANY OBJECT" AS USED IN CODE § 18.2-67.2:1

Appellant contends that the term, "any object," as used in Code § 18.2-67.2:1, includes only <u>inanimate</u> objects and that his alleged attempt to penetrate victim's anus with an <u>animate</u> object, his finger, did not violate the statute.  We disagree.

> Code § 18.2-67.2:1(A) provides, in relevant part, that [a]n accused shall be guilty of marital sexual assault if (i) he . . . penetrates the labia majora or anus of his . . . spouse with <u>any object</u> other than for a bona fide medical purpose . . . and (ii) such act is accomplished against the spouse's will by force or a present threat of force . . . .

<u>Id.</u> (emphasis added).

"Well established 'principles of statutory construction require us to ascertain and give effect to the legislative intent.'"  <u>Brooks v. Commonwealth</u>, 19 Va. App. 563, 566, 454 S.E.2d 3, 4-5 (1995) (quoting <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).  Legislative intent is to be determined by the words in the statute.  <u>See</u> <u>Marsh v. City of Richmond</u>, 234 Va. 4, 11, 360 S.E.2d 163, 167 (1987).  Absent ambiguity, "the manifest intent of the legislature clearly expressed in its enactments should not be judicially thwarted under the guise of statutory construction."  <u>Cregger v.</u>

Commonwealth, 25 Va. App. 87, 90, 486 S.E.2d 554, 555 (1997).

A court must construe the challenged statute "from its four corners and not by singling out particular words or phrases." Smith v. Commonwealth, 8 Va. App. 109, 113, 379 S.E.2d 374, 376 (1989). "If the several provisions of a statute suggest a potential for conflict or inconsistency, we construe those provisions so as to reconcile them and to give full effect to the expressed legislative intent." Mejia v. Commonwealth, 23 Va. App. 173, 176-77, 474 S.E.2d 866, 868 (1996) (en banc). "[A] statute should never be construed so that it leads to absurd results." Branch, 14 Va. App. at 839, 419 S.E.2d at 424.

In light of these principles, we hold that the challenged language is not ambiguous. The statute in no way restricts the meaning of the word "object" to connote only inanimate objects. In fact, the legislature modified the word "object" with the word "any." "Object" is defined as "a discrete visible or tangible thing." Webster's Third New International Dictionary 1555 (1981). "Any" is defined as "one no matter what one: every--used . . . to indicate one that is selected without restriction or limitation of choice." Id. at 97. As we held in Bell v. Commonwealth, 22 Va. App. 93, 468 S.E.2d 114 (1996), a statute which proscribes sexual penetration with "'any object' . . . addresses the universe of objects with which an accused may not sexually penetrate a complaining witness." Id. at 99, 468 S.E.2d at 117 (interpreting Code § 18.2-67.2(A)). Therefore, the

- 5 -

trial court did not err in holding that the ordinary meaning of the term "any object" as used in Code § 18.2-67.2:1 includes both animate and inanimate objects.[1]

For these reasons, we reject appellant's contention that a finger is not an "object" within the meaning of Code § 18.2-67.2:1.

B.

SUFFICIENCY OF EVIDENCE TO PROVE INTENT

Appellant also contends the evidence is insufficient to prove that he intended to penetrate victim's anus with his finger. We disagree.

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v.

_____

[1] The statute we interpreted in Bell, Code § 18.2-67.2, provides that "[a]n accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness who is not his or her spouse with any object . . . or . . . animal." (Emphases added). That code section, as enacted in 1981, originally referred only to "inanimate object sexual penetration." See 1981 Va. Acts ch. 397. In 1993, the legislature added animate objects to the category of objects with which penetration was proscribed. See 1993 Va. Acts ch. 549. It could have achieved this result in either of two ways: first, as it did, by adding the phrase "or animate" to expressly include both animate and inanimate objects within the scope of "any object," or second, by removing the word "inanimate," leaving the statute to proscribe penetration with "any object," without limitation. We hold that both statutory schemes define the same "universe of objects with which an accused may not sexually penetrate a complaining witness." See Bell, 22 Va. App. at 99, 468 S.E.2d at 117.

- 6 -

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, we do not substitute our own judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The judgment will not be set aside unless it is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Intent may, and usually must, be proven by circumstantial evidence, see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements. See Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact. See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

Here, the circumstantial evidence proved beyond a reasonable doubt that appellant tried to penetrate victim's anus with his finger. After trying unsuccessfully, due to victim's struggling,

to engage in vaginal intercourse with her, appellant turned victim over on her stomach and said, "If you're not going to give me some that way[,] then give me some this way." Victim saw a container of KY Jelly on the bed beside her, and appellant said, "We'll use some of this, . . . [and] it will slide in real easy." Immediately thereafter, appellant "[took] his finger and wiggled it and was pushing it at [her] rectum" as he tried to keep her pinned down with his knees. Victim later told her sister that appellant tried to "put [his finger] up her rectum." Based on this evidence, the fact finder reasonably could infer that appellant intended to put his finger in her anus and that he attempted unsuccessfully to do so. On these facts, the evidence was sufficient to support appellant's conviction for attempted marital sexual assault.

The holding in Howard v. Commonwealth, 221 Va. 904, 275 S.E.2d 602 (1981), cited by appellant, is inapposite. In Howard, the trial court ruled that the evidence was insufficient to prove attempted sodomy. As the Virginia Supreme Court noted, "[t]he trial court's ruling that the evidence was insufficient to prove attempted sodomy constituted an acquittal of Howard on that charge." Id. at 907, 275 S.E.2d at 604. Therefore, the sufficiency of the evidence to prove attempted sodomy was not before the Supreme Court on appeal. The ruling of the trial court in Howard carries no precedential value in this Court.

In addition, that appellant also may have intended to engage

in forcible anal intercourse with victim in violation of subsection (A)(i) of the statute does not preclude a finding that he intended first to penetrate her anus with his finger in violation of subsection (A)(ii).

> A person may commit a crime with more than one purpose, and the fact that the act is done with two or more specific objectives does not mean that the Commonwealth has failed to prove the specific intent to commit the charged crime. . . . By proving that an accused harbored two or more specific criminal intents, the Commonwealth has excluded every reasonable hypothesis of "innocence."

Hughes v. Commonwealth, 18 Va. App. 510, 530-31, 446 S.E.2d 451, 463 (1994) (en banc) (Coleman, J., concurring).  Under the facts of this case, the evidence supports the finding by the trier of fact that appellant intended to penetrate victim's anus with his finger.

For these reasons, we affirm appellant's conviction.

Affirmed.