## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

    v.

Michael Anthony Morris

December 1, 1999

Case No. CR99-328

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the defendant can be prosecuted for object sexual penetration under Virginia Code § 18.2-67.2 for an offense that occurred in 1990.

### Facts

The defendant (Morris) is charged with capital murder, abduction, robbery, and object sexual penetration. A jury trial is scheduled to begin on February 28, 2000.

On October 4, 1999, counsel for Morris filed a motion to dismiss the object sexual penetration indictment alleging that Morris must be charged specifically with *inanimate* object sexual penetration because the statute prohibited only that conduct in 1990.

The motion was argued on October 19, 1999, and the court took the matter under advisement.

The Commonwealth concedes that its evidence at trial will not establish the nature of the object with which the victim was sexually molested. However, the Commonwealth argues, it need not allege or prove whether the object was "animate" or "inanimate," citing *Bell v. Commonwealth*, 22 Va. App. 93 (1996). The Commonwealth acknowledges that the 1990 version of

§ 18.2-67.2 was somewhat different from the present-day statute, but urges that the differences are inconsequential.

### The Present Statute

Today, § 18.2-67.2 is titled "Object sexual penetration." Pertinent here, the statute provides that a person is "guilty of inanimate or animate sexual penetration if he or she penetrates the labia majora or anus of a complaining witness … with any object … .

In *Bell, supra,* the Court of Appeals held that the statute does not require the Commonwealth to prove "which objects are animate and which are inanimate." The Court observed that the statute makes it a crime to sexually penetrate a complaining witness with "any object." Further, the Court noted that "the statute prohibits inanimate or animate object sexual penetration." In essence, the statute addresses "the universe of objects with which an accused may not sexually penetrate a complaining witness." (Also see *Herrel v. Commonwealth*, 28 Va. App. 547 (1998), construing similar language in the marital assault statute, § 18.2-67.2:1.)

### The 1990 Statute

At the time of this offense, the statute was titled "Inanimate object sexual penetration." Pertinent here, the body of the statute provided:

> An accused shall be guilty of *inanimate object* sexual penetration if he or she penetrates the labia majora or anus of a complaining witness … with any object … .

(Emphasis added.)

### The Legal Principles: Title of the Act

While a summary title does not determine the meaning of the body of a statute, *Mason v. Commonwealth*, 217 Va. 321 (1976), it may be proper to refer to the title in construing the statute. See 17 M.J., *Statutes*, § 37.

Article IV, § 11, of the Constitution of Virginia provides: "No law shall embrace more than one object, which shall be expressed in its title." One of the purposes of that constitutional protection is to prevent the legislature from misleading the people by the title to a law. *See Commonwealth v. Brown*, 91 Va. 357 (1895).

Of course, that constitutional provision was never intended to hamper honest legislation, and the provision has been liberally construed to uphold legislation if practicable. Nevertheless, in construing this statute as it existed in 1990, it is worth noting that the title was restricted to *inanimate* objects. In 1993, the statute was revised and the title was accordingly broadened to include inanimate and animate objects, i.e., *any* object.

### The Legal Principles: Rules of Statutory Construction

Legislative intent is to be determined by the words in the statute. In construing a statute, the court looks to its whole and does not single out particular words or phrases. *Bell, supra.* Legislative intent is not determined by labels but by an exercise of common sense interpretation of statutory language. *Commonwealth v. Yeatts,* 233 Va. 17 (1987).

Further, the statutory construction rules of *ejusdem generis* and *noscitur a sociis* should be applied. The rule of *ejusdem generis* means that when a particular class of things is enumerated in a statute and general words follow, the general words are to be restricted in their meaning to a sense analogous to the less general, particular words. The related rule of *noscitur a sociis* provides that when general and specific words are grouped, the general words are limited by the specific words and will be construed to embrace only objects similar in nature to those things identified by the specific words. *O'Banion v. Commonwealth,* 30 Va. App. 709 (1999).

Applying these principles to the statute as it existed in 1990, it is obvious that "any object" refers to, and is restricted by, the preceding phrase "inanimate object sexual penetration." To construe the statute otherwise would result in an absurdity. A person cannot be convicted of "inanimate object sexual penetration" by the use of "any" object. The object must be inanimate. *Bell* has no application because it was decided after the General Assembly broadened the reach of the statute in 1993 to include expressly and unambiguously both "inanimate" an "animate" objects.

### Conclusion

The Commonwealth has conceded that it cannot establish whether the object that penetrated the victim in this case was inanimate or animate. That being the case, the defendant cannot be successfully prosecuted under the 1990 version of § 18.2-67.2, and the indictment, which charges "object sexual penetration," must be dismissed.