COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


EDWARD K. BURGESS

                                    MEMORANDUM OPINION* BY
v.    Record No. 0275-00-1        JUDGE JAMES W. BENTON, JR.
                                       DECEMBER 19, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Westbrook J. Parker, Judge

Robert O'Neill (Office of the Public
Defender, on brief), for appellant.

Stephen R. McCullough, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


A jury convicted Edward K. Burgess of attempted robbery and attempted abduction.  Burgess contends the evidence was insufficient to prove an attempt to detain that was not incidental to the restraint employed in the attempted robbery.  We agree and reverse the conviction for attempted abduction.

I.

The evidence at trial proved that Marcus Evans, a correctional officer at the Southampton Correctional Facility, went to Burgess' cell to take him to the shower.  Evans testified that after he restrained Burgess' hands behind his back with

---------------------------------

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

handcuffs and began to escort Burgess to the shower, Burgess said that he had no towel.  Burgess indicated that the inmate in the next cell, White, had a towel that Burgess could use.  As Evans led Burgess to White's locked cell to retrieve the towel, Burgess reached to get a piece of plexiglass from the floor.  Evans pulled the restraining strap to raise Burgess and turned him around so that Evans could escort him to the shower without the towel.  As Evans turned Burgess around, White used his arms to grab Evans around the neck.  Burgess lunged into Evans with his shoulder and pushed Evans against the bars of White's cell.  White then stuck a pencil into the left side of Evans' neck and threatened to kill Evans if he moved.  Evans grabbed White's hand, removed himself from White's grasp, and pinned Burgess to the floor.

As Evans struggled to pull Burgess off the floor, White stepped to the back of his cell, then returned to the cell's bars, and grabbed the plexiglass.  White again reached through the bars and brought the plexiglass down over Evans' arms.  As Evans knocked the plexiglass out of White's hands, White reached and grabbed the chain to which Evans' keys were attached.  Evans managed to grab the keys while still restraining Burgess on the ground.  Evans then radioed for assistance and continued to pull Burgess away.

When Sergeant Louis Diaz responded to assist Evans, he saw Evans and Burgess struggling.  Burgess was trying to pull the keys

-

from Evans' hands.  Diaz took the keys from Burgess' hand and assisted Evans in putting Burgess in the cell.

The prosecutor argued to the jury that Burgess and White attempted to rob Evans of his keys.  He also argued that White grabbed Evans and Burgess pushed Evans into White's grasp as they "were attempting to gain control of his person."  At the conclusion of the arguments the jury deliberated and convicted Burgess of both indicted offenses -- attempted robbery and attempted abduction.

## II.

Code § 18.2-47 states that "any person, who, by force . . . seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of 'abduction.'"  In Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), the Supreme Court held as follows:

> [D]etention is a discrete species of abduction.  We are of opinion, however, that in the enactment of the abduction statute the General Assembly did not intend to make the kind of restraint which is an intrinsic element of crimes such as rape, robbery, and assault a criminal act, punishable as a separate offense. . . .
>
> We hold, therefore, that one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and

-

> not merely incidental to, the restraint
> employed in the commission of the other
> crime.

Id. at 314, 337 S.E.2d at 713-14. Robbery, a common law offense in Virginia, is defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968).

The evidence proved that Burgess and White acted together in an attempt to rob Evans of his keys. The struggle that occurred was one continuous fray with White and Burgess attempting to immobilize Evans. Although Evans described a part of this action as "another struggle," his testimony proves, contrary to the Commonwealth's argument, that the whole altercation was continuous. Evans' resistance frustrated the attempt to subdue him, but his freedom from White's grasp in the midst of the attack did not change the character of the activity when it resumed. The evidence failed to prove that the acts which gave rise to the attempted robbery were separate and apart from the attempted abduction charged in the indictment. The attack and struggles were continuous and not shown to be motivated by an intent to deprive Evans of his personal liberty except as an incident of the attempt to rob him.

The Commonwealth relies on Bell v. Commonwealth, 22 Va. App. 93, 468 S.E.2d 114 (1996), for support of its argument that

the events were separate. In that case, Bell and an accomplice

robbed two victims as the victims approached their car on a

Richmond street. Id. at 96, 468 S.E.2d at 116. After handing

over their possessions, the victims attempted to flee, but Bell

ordered them to return at gunpoint. Id. at 97, 468 S.E.2d at

116. Bell then forced the victims to the other side of their

car and ordered them to lie on the ground. Id. After patting

the legs of the female victim, Bell sexually assaulted her. Id.

We held as follows:

> [T]he jury could reasonably have found from
> the evidence that Bell's actions in pulling
> [the sexual assault victim] around the car
> and ordering her to lie down were acts of
> restraint and asportation separate and apart
> from the restraint inherent in either the
> sexual assault or the robbery. Furthermore,
> the jury could reasonably have concluded
> that Bell moved [her] to avoid detection.

22 Va. App. at 97-98, 468 S.E.2d at 116 (citations omitted).

In this case, the jury could not reasonably have concluded

that Burgess' acts of detention were anything other than an

intrinsic element of the attempted robbery. In Bell,

restraining and asporting the victims constituted an

additional act not necessary to the robbery or the sexual

assault. Bell and his accomplice could have completed their

series of crimes without moving the victims to the other side of

the car; they did not do so. Therefore, the jury could have

concluded that they were guilty of the separate crime of

abduction. In contrast, Burgess and White had no opportunity or

-

reason to commit their crime in another manner.  For instance, they could not have been attempting to conceal their victim as Bell did.  Therefore, we hold that the attempted abduction was merely incidental to the attempted robbery and was not a separate crime.

Accordingly, we reverse the conviction for attempted abduction.

<u>Reversed and dismissed</u>.