COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


JOSEPH MARK HERBIN, III, S/K/A
 JOSEPH MARK HERBIN, II
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0223-00-3          JUDGE ROBERT P. FRANK
                                        JANUARY 30, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF SALEM
                 Robert P. Doherty, Jr., Judge

          Malcolm McL. Doubles (Rena G. Berry, on
          brief), for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Eugene Murphy, Assistant Attorney General, on
          brief), for appellee.


     Joseph Mark Herbin, III, (appellant) was convicted in a bench

trial of two counts of abduction in violation of Code § 18.2-47.

On appeal, he contends the trial court erred in finding there was

an abduction of the victims, separate and apart from the detention

inherent in the robbery.  Finding no error, we affirm the judgment

of the trial court.

                        I.  BACKGROUND

     On October 2, 1997, appellant and Robert Lynch entered a

McDonald's restaurant wearing masks and carrying guns.  They told

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Michael Hutton, the restaurant manager, that they did not want to hurt anyone and just wanted the money. Then, they ordered Hutton to remove the money from the restaurant's safe. When he refused to do so, Lynch cocked his gun, put the gun in Hutton's back, and forced Hutton, at gunpoint, to walk to the rear office where the safe was located. Appellant locked some other employees in a walk-in freezer.

Lisa Martin, who was not on duty that night but was doing some paperwork in the office where the safe was located, had already been alerted by another employee that a robbery was in progress. As a result, she dialed 911, but hung up the telephone when she saw the robbers and Hutton coming around the corner. When appellant, Lynch, and Hutton entered the rear office, Martin crawled on the top of the desk to get as far away from them as possible because she was afraid of the guns. Hutton opened the safe, and appellant and Lynch took the money. Before they left, appellant and Lynch told Martin and Hutton to turn their heads and not to look at them. Hutton testified, "[T]hey told us stay there and not to look back until after they had gone." Hutton stated he gave the gunmen plenty of time to get out "[b]ecause I was afraid if I didn't they might turn around and shoot me." Appellant and Lynch were in the rear office for approximately three minutes.

Appellant was convicted of numerous felonies, including one count of robbery, one count of abduction of Lisa Martin, one count

-

of abduction of Michael Hutton, and related firearm offenses.

Appellant only appeals the two abduction convictions.

## II.  ANALYSIS

Appellant contends the double jeopardy clause of the Fifth Amendment bars his convictions of the abductions of Hutton and Martin.  Appellant argues the detention[1] of Martin and Hutton was merely incidental to the restraint inherent in the act of robbery. Essentially, appellant argues he received multiple punishments for the same offense.

> The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ."  It is now well recognized that this clause affords an accused three distinct constitutional guarantees.  "It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense."  North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

Brown v. Commonwealth, 230 Va. 310, 312-13, 337 S.E.2d 711, 712-13 (1985).

In Brown, the Supreme Court of Virginia held:

> [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act

---

[1] Appellant does not contest the fact that both Martin and Hutton were detained.

-

> of abduction is separate and apart from, and
> not merely incidental to, the restraint
> employed in the commission of the other
> crime.

Id. at 314, 337 S.E.2d at 713-14.

"In Brown v. Commonwealth, the Supreme Court recognized that 'in the enactment of the abduction statute the General Assembly did not intend to make the kind of restraint which is an intrinsic element of . . . robbery . . . a criminal act, punishable as a separate offense.'" Phoung v. Commonwealth, 15 Va. App. 457, 461, 424 S.E.2d 712, 714 (1992) (quoting Brown, 230 Va. at 314, 337 S.E.2d at 713 (1985)). Therefore, "[w]e must determine whether the detention of the victims was separate and apart from, and not merely incidental to, the restraint inherent in the act of robbery." Id. at 462, 424 S.E.2d at 714-15.

> A defendant may be convicted of
> abduction in addition to robbery if the
> victim's detention "'is separate and apart
> from, and not merely incidental to, the
> restraint employed in the commission of
> [robbery].'" Hoke v. Commonwealth, 237 Va.
> 303, 311, 377 S.E.2d 595, 600 (quoting Brown
> v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d
> 711, 714 (1985)), cert. denied, 491 U.S. 910,
> 109 S. Ct. 3201, 105 L.Ed.2d 709 (1989).
> Thus, to constitute an abduction, separate
> and apart from a robbery, the victim's
> detention must be greater than the restraint
> that is intrinsic in a robbery. Id. at 311,
> 377 S.E.2d at 600. Additionally, an
> abduction committed for the purpose of
> avoiding an arrest for a robbery or to retain
> the fruits of a robbery is perpetrated with
> the intent to extort pecuniary benefit.
> Cortner v. Commonwealth, 222 Va. 557, 560-61,
> 281 S.E.2d 908, 910 (1981).

-

Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152-53 (1994).

In Phoung, appellant broke into the victim's house, tied her up, and carried her upstairs to her bedroom where she kept her cash and jewelry. She then was robbed. We held that the detention of the victim was separate and distinct from the restraint inherent in the act of robbery. We wrote:

> Simply stated, the asportation of a victim from one room to another and the binding of another victim's hands and feet together are not acts inherent in the crime of robbery. See Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992) (robbery involves the taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation). Therefore, we find that the constitutional guarantee precluding multiple punishments for the same offense has not been abridged.

Phoung, 15 Va. App. at 462, 424 S.E.2d at 715.

In Cardwell, the Supreme Court wrote:

> In the present case, the transporting of Brown from the robbery scene was a detention separate and apart from, and not merely incidental to, the robbery and was greater than the restraint intrinsic in a robbery. Further, the evidence clearly supports a finding that the abduction was committed to protect the fruits of the robbery and to escape an arrest. Therefore, the evidence supports the charge of an abduction with the intent to extort a pecuniary benefit. Consequently, the trial court did not err in refusing to strike the Commonwealth's evidence.

Cardwell, 248 Va. at 511, 450 S.E.2d at 153.

-

> When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, we do not substitute our own judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The judgment will not be set aside unless it is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Herrel v. Commonwealth, 28 Va. App. 579, 586, 507 S.E.2d 633, 636-37 (1998).

In this case, the trial court, as the trier of fact, could have reasonably concluded that the abductions of Martin and Hutton were separate and apart from the restraint employed in the commission of the robbery. When appellant ordered both Martin and Hutton to "stay there and not to look back" until after he and Lynch left, he detained Martin and Hutton with the intent "to extort pecuniary benefit" and to facilitate his escape.

For these reasons, we find that the constitutional guarantee precluding multiple punishments for the same offense has not been violated. Therefore, we affirm appellant's convictions.

<u>Affirmed.</u>

-