COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Elder and Kelsey
Argued at Salem, Virginia


JEFFREY JASON GARDNER, S/K/A
 JEFFERY JASON GARDNER
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2192-02-3                      JUDGE LARRY G. ELDER
                                                    APRIL 6, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                         Charles B. Flannagan, II, Judge

        Robert Austin Vinyard for appellant.

        Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Jeffrey Jason Gardner (appellant) appeals from his jury trial convictions for five counts of

forcible sodomy in violation of Code § 18.2-67.1 and five counts of object sexual penetration in

violation of Code § 18.2-67.2.  On appeal, he argues evidence that he penetrated the complaining

witness' anus with his penis did not establish animate object penetration in violation of Code

§ 18.2-67.2 and that this conduct was punishable only as sodomy under Code § 18.2-67.1.  He

also contends the evidence was insufficient to support the convictions because the

uncorroborated testimony of the complaining witness was inherently incredible.  We hold that, to

the extent appellant preserved these assignments of error for appeal, the evidence was sufficient

to support his convictions.  Thus, we affirm.


        _____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

A.

PENIS AS ANIMATE OBJECT

Appellant argues evidence that he penetrated the complaining witness' anus with his penis did not establish animate object penetration in violation of Code § 18.2-67.2 and that this conduct was punishable only as sodomy under Code § 18.2-67.1. He candidly concedes that he made no contemporaneous objection to his convictions on this ground at trial as required by Rule 5A:18 but argues that the ends of justice exception supports our consideration of it on appeal. We hold the ends of justice exception is inapplicable.

Pursuant to Rule 5A:18, this Court will not consider allegations of trial court error as a basis for reversal where appellant failed to register a timely objection, except for good cause shown or to attain the ends of justice. To invoke the ends of justice exception, the record must "affirmatively show[] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage [of justice] *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). To satisfy this burden, an appellant must show "more than that the Commonwealth failed to prove an element of the offense. . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense[,] or the record must affirmatively prove that an element of the offense did not occur." Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997).

Appellant contends, in essence, that he was convicted for conduct that was not a criminal offense under Code § 18.2-67.2, the object penetration statute, because the Commonwealth alleged and argued that he penetrated the victim's anus with his penis. Appellant contends the term, "any object," as used in Code § 18.2-67.2(A)'s proscription against the "penetrat[ion of]

the . . . anus of a complaining witness . . . with any object," "does not mean a penis, in that [that] crime is covered under the sodomy statute." We disagree.

Code § 18.2-67.2 criminalizes both "inanimate" and "animate object sexual penetration" and expressly states that penetration with "*any object*" violates the statute if all other elements have been proved. Code § 18.2-67.2(A) (emphasis added). "The statute thus addresses the universe of objects," both inanimate and animate, "with which an accused may not sexually penetrate a complaining witness." Bell v. Commonwealth, 22 Va. App. 93, 99, 468 S.E.2d 114, 117 (1996). Further, as we held in Herrell v. Commonwealth, 28 Va. App. 579, 507 S.E.2d 633 (1998), in which we interpreted the phrase "any object" as used in Code § 18.2-67.2:1, "'[o]bject' is defined as 'a discrete visible or tangible thing.' 'Any' is defined as 'one no matter what one: every -- used . . . to indicate one that is selected without restriction or limitation of choice.'" 28 Va. App. at 585, 507 S.E.2d at 636 (quoting Webster's Third New International Dictionary 1555, 97 (1981)); see also Armstrong v. Commonwealth, 263 Va. 573, 583, 562 S.E.2d 139, 145 (2002) (noting principle of statutory construction that "related statutes [should be read] in *pari materia* with the statute under consideration, in order to give consistent meaning to the language used by the General Assembly"). Manifestly, therefore, a penis is an animate "object" under Code § 18.2-67.2.

The fact that the charged behavior may also have violated the forcible sodomy statute does not require a different result. "'Where the circumstances surrounding an offense permit prosecution under either of two statutes, the selection of the statute under which to proceed is a matter of prosecutorial election.'" Brown v. Commonwealth, 30 Va. App. 243, 250, 516 S.E.2d 678, 682 (1999) (quoting Smith v. Commonwealth, 17 Va. App. 37, 41, 434 S.E.2d 914, 916 (1993)).

Because appellant has failed to "demonstrate that he . . . was convicted for conduct that was not a criminal offense" or "that an element of the offense did not occur," Redman, 25 Va. App. at 221-22, 487 S.E.2d at 272-73, the ends of justice exception to Rule 5A:18 does not excuse his failure to make a specific contemporaneous objection at trial.

B.

SUFFICIENCY OF THE EVIDENCE

Appellant contends next that the evidence was insufficient to support any of his convictions because it was based solely on the testimony of the complaining witness, D.J.S., whose testimony appellant argues was inherently incredible. We disagree.

On appellate review, we examine the evidence in the light most favorable to the Commonwealth, and we may not disturb the jury's verdict unless it is plainly wrong or without evidence to support it. Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). In all other cases, we must defer to the conclusions of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985). These same principles apply in cases involving rape, sodomy and other sexual offenses, which may be sustained solely upon the testimony of the victim, even in the absence of corroborating evidence. Fisher, 228 Va. at 299, 321 S.E.2d at 203.

Here, D.J.S. testified that, on at least five different occasions, appellant subjected him to the same pattern of abusive sexual contact. On each occasion, that contact included appellant's fellating D.J.S. with penetration or appellant's persuading D.J.S. to fellate him with penetration,

or both, and appellant's penetrating D.J.S.'s anus with his penis. It is true that D.J.S.'s testimony was initially somewhat confusing regarding whether appellant put D.J.S.'s penis *on* or *in* appellant's mouth and vice versa. However, on direct examination, D.J.S. clarified this testimony as to four of the five charges, indicating expressly that appellant put D.J.S.'s penis *in* appellant's mouth or had D.J.S. put appellant's penis *in* D.J.S.'s mouth, or both. Further, on cross-examination, appellant elicited testimony that on each of the occasions of sexual abuse about which D.J.S. had testified on direct examination, "the exact same thing happened," including the same oral-genital contact. That D.J.S. could not recount in what room of the house each incident occurred, described each incident in almost identical fashion, and exhibited no internal physical injuries when examined by a physician over seven months later does not render his testimony inherently incredible. Thus, the Commonwealth's evidence supported the jury's finding that appellant was guilty of all charged offenses against D.J.S. See, e.g., Ashby v. Commonwealth, 33 Va. App. 540, 548-49, 535 S.E.2d 182, 186-87 (2000) (affirming convictions for carnal knowledge of a minor in violation of Code § 18.2-63, holding "[t]he mere fact that the victim, a [fourteen-year-old] special education student, told no one about the incidents immediately after they happened, willingly slept in a tent with appellant again after the [first encounter] and remained friends with appellant after the second encounter . . . did not compel the conclusion that his testimony was inherently incredible").

## II.

For these reasons, we hold that, to the extent appellant preserved these assignments of error for appeal, the evidence was sufficient to support his convictions. Thus, we affirm.

Affirmed.