## Arlington

WILLIAM RANDOLPH CORAM

v.

COMMONWEALTH OF VIRGINIA

No. 0477-85

Decided January 20, 1987

COUNSEL

Robert A. Niles (Niles, Dulaney & Parker, P.C., on brief) and Julia S. Savage (Martin & Walker, P.C., on brief), for appellant.

W. Mark Dunn, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**DUFF, J.** — After trial by jury, William Randolph Coram was found guilty of attempted rape, Code § 18.2-67.5, and abduction with intent to defile, Code § 18.2-48, and received sentences of ten years and life imprisonment, respectively, in the penitentiary.

The validity of Coram's conviction for attempted rape is not questioned on appeal. His sole contention is that his conviction for abduction is precluded by the double jeopardy prohibition against multiple punishments for the same offense. Coram argues that his act of dragging the victim twenty feet from the front steps of her apartment to an area near two large bushes did not constitute the separate crime of abduction with intent to defile. Citing *Brown v. Commonwealth*, 230 Va. 310, 337 S.E.2d 711 (1985), he maintains that this asportation of the victim was an unsubstantial movement, incidental to the crime of attempted rape, and, therefore, that the crime of attempted rape was the only crime committed. In effect, this assignment of error claims that the evidence is insufficient to support the abduction conviction. After a careful review of the record, we find Coram's argument unpersuasive and affirm the judgment of the trial court.

When reviewing criminal convictions, we must consider the evidence in the light most favorable to the Commonwealth, giving it all inferences fairly deducible therefrom. *Sutphin v. Commonwealth*, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985). A conviction will be affirmed unless plainly wrong or without evidence to support it. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The record discloses that on February 20, 1984, the victim was assaulted by a man she later identified at trial as the defendant. The victim testified that when she returned home from work, at approximately 11:30 p.m., she parked her car on a fairly well lit

street and walked one-hundred and fifty feet down the sidewalk leading to the steps of her apartment. These steps were lighted by a porch light at the front door. The victim stated that as she approached the steps, a man came from behind and grabbed her around the waist, whereupon she immediately began screaming. She further testified that she was dragged across the driveway for approximately twenty feet to an area covered with two large bushes, where her assailant began to strangle her and cover her mouth to prevent her from screaming.

The victim also testified that after she attempted to escape, she was thrown to the ground and her undergarments were forcibly removed; that Coram attempted to penetrate her several times, from different positions, without success; and that when a neighbor's voice shouted that the police were on their way, Coram made a final attempt to penetrate her and then abandoned the assault, grabbing her purse off the ground as he left.

Lois Pulliam, who resided directly across the street from the victim's home, testified on behalf of the Commonwealth. She stated that she heard screaming and moaning at approximately 11:30 p.m. on the night of the assault. Mrs. Pulliam also stated that after she noticed the victim's porch light on and her car parked out front, she shouted a warning that the police were on their way. She then saw the victim emerge from the bushes, but could not see the assailant because it was too dark.

Code § 18.2-47 sets forth the definition of abduction and provides, in pertinent part:

> Any person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge, shall be deemed guilty of "abduction". . . .

In construing this section, the Supreme Court in *Brown* considered whether the crimes of rape and abduction with intent to defile had been defined by the General Assembly in such a manner that the two crimes overlapped and thereby violated the double

jeopardy clause. Specifically, the Court considered whether the term "detain" in Code § 18.2-47 included the type of detention inherent in crimes such as rape, robbery, and assault. 230 Va. at 314, 337 S.E.2d at 713. Upon concluding that the legislature did not intend for the definition of rape and abduction to overlap, the Supreme Court defined the type of detention set forth in the abduction statute as "detention . . . separate and apart from and not merely incidental to, the restraint employed in the commission of the other crime." 230 Va. at 314, 337 S.E.2d at 714. The decision, however, did not specifically define or limit the circumstances that would constitute a detention "separate and apart from" the restraint inherent in the other felony.

Based upon the record before us, we cannot say as a matter of law that the evidence was insufficient to support a conviction for abduction with intent to defile. The testimony of the victim and Mrs. Pulliam disclose that the place from which the victim was taken was partially lighted by both a porch light and street lamp. When Coram grabbed the victim, he transported her from a location that was lighted and visible from the street to one out of sight of potential passersby, or others who might leave or enter the victim's apartment. Coram's asportation of the victim, as shown by the evidence, substantially increased the risk of harm to the victim by decreasing the possibility of detecting his criminal activity. Moreover, asportation to decrease the possibility of detection is not an act inherent in or necessary to the restraint required in the commission of attempted rape. His behavior substantially invaded the interests that § 18.2-47 was designed to protect.

We conclude that the record in its entirety sets forth sufficient evidence from which a jury could reasonably infer that the abduction was "separate and apart from, and not merely incidental to" the crime of attempted rape. *Id.* Accordingly, we hold that under the circumstances of this case, the multiple punishments for the abduction and attempted rape do not offend the double jeopardy guarantee.

For the reasons stated herein, the decision appealed from is

*Affirmed.*

Benton, J., and Keenan, J., concurred.