COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Annunziata
Argued at Chesapeake, Virginia


ROBERT THOMAS HOYT

OPINION BY
v.        Record No. 3042-03-1          JUDGE ROSEMARIE ANNUNZIATA
DECEMBER 7, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

Charles E. Haden for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Robert Thomas Hoyt appeals his conviction under Code § 18.2-47(A) for abduction.  He

contends his conviction should be reversed because the abduction was incidental to his

commission of robbery.  For the following reasons, we reverse and dismiss the abduction

conviction and the related conviction for using a firearm in the commission of a felony.[1]

I.  Background

In accord with our usual standard of review, we review the evidence and all reasonable

inferences flowing from the evidence in a light most favorable to the Commonwealth as the party

---

[1] Hoyt preserved his challenge to the firearm charge as required by Rule 5A:18.  He placed the firearm charge before this Court for resolution on appeal in keeping with Rule 5A:12 by including the docket numbers for all convictions, including the subject firearm charge, in his notice of appeal; challenging the trial court's ruling denying the motion to strike the abduction charge; and asking this Court to "reverse the judgment of the trial court below."  Thus, the validity of the firearm conviction based on the abduction is properly before us on appeal. Because the firearm conviction depends on the abduction conviction for its validity, our reversal and dismissal of the abduction conviction compels the concomitant reversal and dismissal of the related firearm conviction.

prevailing below.  Garcia v. Commonwealth, 40 Va. App. 184, 189, 578 S.E.2d 97, 99 (2003).

So viewed, the evidence establishes that Hoyt entered a Newport News gas station store at

11:00 p.m. on October 10, 2001 with the intent to rob it.  When Hoyt entered the store,

employees Marquelle Riddick and Minesh Patel were "getting ready to close" the store for the

night.

Hoyt directed Patel to "lay on the floor."  He then pointed a gun at Riddick and told him

to "give me the money."  Riddick walked approximately ten feet to the cash register, opened the

drawer, placed the money in a bag, and handed the bag to Hoyt.  Hoyt then exited the store.  The

robbery lasted no more than five minutes.

Hoyt was charged with abduction in violation of Code § 18.2-47(A),[2] wearing a mask in

public in violation of Code § 18.2-422, two counts of robbery in violation of Code § 18.2-58, and

three counts of use of a firearm during the commission of a felony in violation of Code

§ 18.2-53.1.  Hoyt moved to strike the abduction and related firearm charge at the close of the

Commonwealth's case.  The trial court denied the motion to strike.  Hoyt renewed his motion to

strike the abduction and related firearm charge at the end of the trial, but the trial court again

denied the motion, stating

> That's the only question this Court had in the evidence in this case,
> whether or not there was sufficient deprivation of the victims'
> liberty to distinguish it from simple robbery with abduction being a
> part of it or carrying it a little further and I'm in agreement with the
> Commonwealth that once you use a weapon in moving people
> about, moving them on the floor, to the register, you deprive them
> of their freedom and I think that's now no longer simple robbery,
> its abduction along with it.

Hoyt was subsequently convicted on all counts and noted this appeal. We granted his appeal only

on the issue of the validity of the evidence to prove the abduction was not incidental to his

commission of robbery.

---

[2] The indictment alleged that Hoyt abducted Riddick.  No mention was made of Patel.

II. Analysis

Code § 18.2-47(A), which criminalizes abduction or kidnapping, provides:

> Any person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge, shall be deemed guilty of "abduction"; but the provisions of this section shall not apply to any law-enforcement officer in the performance of his duty. The terms "abduction" and "kidnapping" shall be synonymous in this Code. Abduction for which no punishment is otherwise prescribed shall be punished as a Class 5 felony.

In Scott v. Commonwealth, 228 Va. 519, 323 S.E.2d 572 (1984), the Supreme Court of Virginia stated that an abduction generally inheres in a rape or robbery because "there is usually some detention, and often a seizure, of the victim." Id. at 526, 323 S.E.2d at 576. However, it declined to address the "constitutional problems . . . created by such an overlapping of crimes" because that precise issue was not before it. Id.

The "constitutional problem" was squarely presented to the Supreme Court in Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1986), where Brown argued that the Double Jeopardy Clause prohibited his convictions for rape *and* abduction. Id. at 311, 337 S.E.2d at 712. In addressing Brown's argument, the Supreme Court determined that discussion of double jeopardy principles was unnecessary because the General Assembly "did not intend to make the kind of restraint which is an intrinsic element of crimes such as rape, robbery, and assault a criminal act, punishable as a separate offense." Id. at 314, 337 S.E.2d at 713.[3] Accordingly, the Court held that

---

[3] In light of the determination in Brown that the legislature did not intend to make abduction punishable as a separate offense when the abduction was merely incidental to another crime, the Commonwealth's argument that we must consider the two offenses in the abstract, see Whalen v. United States, 445 U.S. 684, 694 n.8 (1980), to resolve the question before us is unavailing. See Brown, 239 Va. at 313, 337 S.E.2d at 713 ("We do not agree that resolution of

- 3 -

> one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Id. at 314, 337 S.E.2d at 713-14 (citing Iowa v. Folck, 325 N.W.2d 368 (Iowa 1982); Bass v. State, 380 So. 2d 1181 (Fla. Dist. Ct. App. 1980)).

A majority of other courts have reached a similar conclusion and have articulated the general policy considerations underlying it. For example, the Supreme Court of Maryland—which noted that "a majority of courts . . . now hold that 'kidnapping statutes do not apply to unlawful confinements or movements incidental to the commission of other felonies'"—recognized that a literal reading of abduction and kidnapping statutes would "overrun other crimes, such as robbery, rape, and assault." State v. Stouffer, 721 A.2d 207, 212 (Md. 1998) (quoting Frank J. Wozniak, Annotation, Seizure or Detention for Purpose of Committing Rape, Robbery, or Other Offense as Constituting Separate Crime of Kidnapping, 39 A.L.R.5th 283, 356 (1996)) (other internal quotations omitted).

> The rationale of [the majority] approach is the concern that a literal reading of the kidnapping statutes, which often carry significant penalties, can lead to an overzealous enforcement, with the result that "persons who have committed such substantive crimes as robbery or assault—which inherently involve the temporary detention or seizure of the victim—will suffer the far greater penalties prescribed by the kidnapping statutes."

Id. (quoting Government of Virgin Islands v. Berry, 604 F.2d 221, 226 (3d. Cir. 1979)).

---

the question is controlled by the Blockburger test. The Supreme Court has decided that this test need not be applied when the intent of the legislature can be gleaned from a reading of the relevant statutes." (citing Garrett v. United States, 471 U.S. 773, 776 (1985); Missouri v. Hunter, 459 U.S. 359, 368 (1983); Albernaz v. United States, 450 U.S. 333, 340 (1981); Whalen, 445 U.S. at 691-92 (1980))).

Notwithstanding the general consensus that kidnapping and abduction statutes do not apply where the kidnapping or abduction is merely an incident of another crime, no single test has been established to determine the factual circumstances that will render an abduction or kidnapping incidental.  Although "[t]here are literally hundreds of reported decisions from around the country dealing with whether, and under what circumstances, the detention, confinement, or asportation of a victim initially accosted for the purpose of robbery, sexual assault or some other crime will suffice to sustain a separate conviction for kidnapping," State v. Goodhue, 833 A.2d 861, 865 (Vt. 2003), few of those decisions summarize the circumstances courts should consider in such cases.

Berry, a case from the Third Circuit Court of Appeals, represents one of the few decisions to harmonize the case law into a single, multi-factorial test.  There, the court stated that "four factors are central to" determining whether or not an abduction or kidnapping is incidental to another crime.  Berry, 604 F.2d at 227.

> Those factors are: (1) the duration of the detention or asportation;
> (2) whether the detention or asportation occurred during the
> commission of a separate offense; (3) whether the detention or
> asportation which occurred is inherent in the separate offense; and
> (4) whether the asportation or detention created a significant
> danger to the victim independent of that posed by the separate
> offense.

Id.; see also United States v. Howard, 918 F.2d 1529, 1536 (11th Cir. 1990) (adopting the Berry analysis); People v. Smith, 414 N.E.2d 1117, 1122 (Ill. 1980) (same); cf. Stouffer, 721 A.2d at 215 (declining to adopt any specific test, but nonetheless applying the factors delineated in Berry); State v. Farmer, 445 S.E.2d 759, 764 (W. Va. 1994) (stating that it is appropriate to examine certain factors substantially similar to those delineated in Berry).

The Berry analysis states in summary fashion the factors Virginia courts have employed on a case-by-case basis in determining whether an abduction is incidental to another crime.  See,

e.g., <u>Powell v. Commonwealth</u>, 261 Va. 512, 541, 552 S.E.2d 344, 360-61 (2001) (upholding conviction for abduction as more than necessary to accomplish rape where the defendant ordered victim to go to a more secluded part of the home and bound and detained her for a lengthy period of time); <u>Cardwell v. Commonwealth</u>, 248 Va. 501, 511, 450 S.E.2d 146, 153 (1994) (upholding conviction for abduction because it was "greater than the restraint intrinsic in a robbery" where defendant transported victim away from the robbery scene, which robbery was already complete, and murdered him); <u>Hoke v. Commonwealth</u>, 237 Va. 303, 311, 377 S.E.2d 595, 600 (1989) (upholding conviction for abduction because it was not inherent in the other crimes of rape and robbery where victim's hands were tightly bound, mouth was gagged, and detention was for lengthy period of time); <u>Brown</u>, 230 Va. at 314, 337 S.E.2d at 714 (upholding conviction where abduction, which was initial offense, "was remote in terms of time and distance from the sexual assault and, in terms of quality and quantity, the acts of force and intimidation employed in the abduction were separate and apart from the restraint inherent in the commission of the rape"); <u>Bell v. Commonwealth</u>, 22 Va. App. 93, 96-98, 468 S.E.2d 114, 116 (1996) (upholding conviction for abduction because jury could have found that it was "separate and apart from the restraint inherent in either the sexual assault or the robbery" or that it was for the purpose of avoiding detection where, once robbery was completed, the victim was pulled to one side of the car, made to lie down, and sexually assaulted); <u>Phoung v. Commonwealth</u>, 15 Va. App. 457, 462, 424 S.E.2d 712, 715 (1992) (abduction upheld because it involved restraint greater than that "inherent in the act of robbery" where defendant bound one victim and transported him from a lower level of the house to an upper level and tied another victim to a bed and covered her with a blanket); <u>Coram v. Commonwealth</u>, 3 Va. App. 623, 626, 352 S.E.2d 532, 534 (1987) (upholding conviction for abduction because it "substantially increased the risk of harm to the victim" where victim dragged twenty feet to a secluded area).

Applying the factors developed by Virginia case law to the facts here, we conclude that the abduction of Riddick was merely incidental to the robbery of the store.[4]

First, the duration of the detention and the distance of asportation were slight. Testimony established that the robbery lasted no more than five minutes and that Riddick was forced to walk only ten feet to the cash register. Cf. Cardwell, 248 Va. at 511, 450 S.E.2d at 153; Hoke, 237 Va. at 311, 377 S.E.2d at 600; Brown, 230 Va. at 314, 337 S.E.2d at 714.

Second, the detention and asportation of Riddick occurred during the commission of the separate offense of robbery, but, as discussed next, they were not acts separate and apart from the robbery itself. Cf. Bell, 22 Va. App. at 96-98, 468 S.E.2d at 116.

Third, the detention and asportation of Riddick was inherent in the robbery. Hoyt detained Riddick for a few moments by threatening him with a gun and forced him to move ten feet to the cash register. In detaining and forcing Riddick to move, Hoyt did no more than was necessary to accomplish the robbery. Cf. Powell, 261 Va. at 541, 552 S.E.2d at 360-61; Hoke, 237 Va. at 311, 377 S.E.2d at 600; Brown, 230 Va. at 314, 337 S.E.2d at 714; Phoung, 15 Va. App. at 462, 424 S.E.2d at 715.

Fourth, the detention and asportation here did not pose a danger to Riddick independent of and significantly greater than that posed by the robbery itself. Cf. Coram, 3 Va. App. at 626, 352 S.E.2d at 534.

---

[4] Whether an abduction is merely incidental to another crime is a question of law. However, because no two crimes are exactly alike, determining whether an abduction is incidental necessarily requires consideration of the historical facts of each case. We defer to the trial court's findings of historical fact, but we review *de novo* the trial court's application of those facts to the law. Cf. McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (discussing the standard of review applied in search and seizure cases).

Finally, the evidence does not support an inference that Hoyt detained and moved Riddick in order to avoid the detection of the robbery.  Cf. Bell, 22 Va. App. at 96-98, 468 S.E.2d at 116; Coram, 3 Va. App. at 626, 352 S.E.2d at 534.

Accordingly, we hold that the abduction of Riddick was incidental to the robbery of the gas station store and that the trial court erred in denying Hoyt's motion to strike the abduction and related firearm charge.  We reverse his convictions for abduction and the related use of a firearm in the commission of a felony and dismiss the indictments.

Reversed and dismissed.