*191 KELSEY, J.,
concurring in result.
I find no fault with the majority’s application of Hoyt v. Commonwealth, 44 Va.App. 489, 605 S.E.2d 755 (2004). My disagreement is rather with Hoyt itself.
Virginia has historically treated the incidental detention issue as one of fact for the jury, subject to the deferential review of Code § 8.01-680. Analyzing the issue under the heading “Sufficiency of the Evidence,” the Virginia Supreme Court in Powell v. Commonwealth, 261 Va. 512, 540-41, 552 S.E.2d 344, 360 (2001), found “sufficient evidence to support the finding of the jury that Powell used greater restraint than was necessary to commit rape.” Cfi Jerman v. Dir., Dep’t of Corrections, 267 Va. 432, 440, 593 S.E.2d 255, 260 (2004) (finding an acquittal improbable even “if trial counsel had requested a jury instruction stating that the restraint inherent in the assault of [the victim] could not serve as the sole basis for a separate abduction conviction”).
We looked at the incidental detention issue exactly the same way in Bell v. Commonwealth, 22 Va.App. 93, 96, 468 S.E.2d 114, 116 (1996). Citing Code § 8.01-680, the statutory standard governing appellate review of factual determinations, we held that “the jury’s finding of an abduction separate and apart from both the robbery and the sexual assault is not plainly wrong and is supported by the evidence.” Id. Along the same lines, we held in Coram v. Commonwealth, 3 Va.App. 623, 626, 352 S.E.2d 532, 534 (1987), that “the record in its entirety sets forth sufficient evidence from which a jury could reasonably infer that the abduction was ‘separate and apart from, and not merely incidental to’ the crime of attempted rape.” Id. (citing Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 714 (1985)).[5]
*192 Last year, a footnote in Hoyt retooled the appellate standard of review on the incidental detention issue:
Whether an abduction is merely incidental to another crime is a question of law. However, because no two crimes are exactly alike, determining whether an abduction is incidental necessarily requires consideration of the historical facts of each case. We defer to the trial court’s findings of historical fact, but we review de novo the trial court’s application of those facts to the law. Cf. McGee v. Commonwealth, 25 Va.App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (discussing the standard of review applied in search and seizure cases).
Hoyt, 44 Va.App. at 496 n. 4, 605 S.E.2d at 758 n. 4. Without any further discussion of the subject, Hoyt adopted the McGee standard of review reserved for suppression rulings decided solely by trial judges. McGee, 25 Va.App. at 197-98, 487 S.E.2d at 261 (applying the appellate standard of review mandated by Ornelas v. United States, 517 U.S. 690, 698-99, 116 S.Ct 1657, 1663, 134 L.Ed.2d 911 (1996)).
The McGee standard of review, however, governs only suppression hearings. It cannot be sensibly applied in this context. In criminal jury trials, trial judges do not make findings of historical facts. Neither do juries — they provide only a general verdict of guilty or not guilty. See Rogers v. Commonwealth, 5 Va.App. 337, 342-43, 362 S.E.2d 752, 755 (1987) (describing the difficulty in determining precisely the jury’s findings as to the incidental nature of the abduction *193 simply based upon the verdict). Because there are no specific “findings of historical fact” in criminal jury trials, see ante, at 47 Va.App. at 183, 622 S.E.2d at 778, what Hoyt ends up doing is placing appellate judges in the uncomfortable role of factfinders.
By adopting this approach, Hoyt has produced an anomaly difficult to describe and harder still to administer. The irony has a certain symmetry to it, though, because Hoyt also invites jurors to render “legal conclusions” in response to jury instructions submitting the “legal issue” to them. Ante, at 47 Va.App. at 182, 622 S.E.2d at 778. I find this concept particularly hard to accept. “It is, indeed, a maxim of the law, almost coeval with the institution of juries, that it is the office of the judge to respond as to the law, and the jury as to the facts, and few rules are more essential in the administration of justice.” Brown v. Commonwealth, 86 Va. 466, 471, 10 S.E. 745, 747 (1890). “In this separation of the functions of court and jury is found the chief value, as well as safety, of the jury system.” Sparf v. United States, 156 U.S. 51, 106, 15 S.Ct. 273, 295, 39 L.Ed. 343 (1895); see also Sims v. Commonwealth, 134 Va. 736, 763, 115 S.E. 382, 391 (1922) (Burks, J.) (“In this State the jury are not judges of the law in criminal cases any more than they are in civil cases.”).[6]
I thus concur only in the result in this case, as I believe Hoyt requires me to do.

. Other appellate courts likewise treat the incidental detention issue as a question of fact for the jury. See, e.g., People v. Bridges, 199 Colo. 520, 612 P.2d 1110, 1117 (1980) (holding that detention "more than incidental to the commission of the underlying crime is circumstantial evidence of specific intent to kidnap for the factfinder, and a jury could be so instructed”); State v. Niemeyer, 258 Conn. 510, 782 A.2d 658, 666 *192 (2001) (explaining that the incidental detention issue "is ordinarily a question for the jury"); Wright v. State, 106 Nev. 647, 799 P.2d 548, 549 (1990) (stating whether "the movement of the victim is incidental to the associated offense" and "whether the risk of harm is increased” are "questions of fact to be determined by the trier of fact"); State v. Thomas, 139 Or.App. 308, 911 P.2d 1237, 1239 (1996) (concluding that kidnapping is not "merely incidental to the commission of the underlying crime" and that issue presents "a question of fact”); State v. Stirgus, 21 Wash.App. 627, 586 P.2d 532, 535 (1978) (holding that "the question of whether the abduction was merely incidental to the rape was a question of fact for the jury, guided by appropriate instructions of the court”).

. Jury instructions are not invitations by the court to the jury to decide questions of law. "Questions of law are for the court and it is improper to submit such questions to the jury, and an instruction that would submit a question of law to the jury is properly refused.” Ronald J. Bacigal & Joseph S. Tate, Virginia Jury Instructions § 2:02, at 7 (2005); see also 1 Instructions for Virginia & West Virginia § 34, at 110 (4th ed. 1998) (“An instruction must not submit a question of law to the jury. It is the office of the judge to respond as to the law. An instruction which submits a question of law for jury determination is erroneous, and is properly refused.”).