COURT OF APPEALS OF VIRGINIA


Present:  Judges Kelsey, McClanahan and Senior Judge Bumgardner
Argued at Alexandria, Virginia


KEVIN DAVID FIELDS
                                                          OPINION BY
v.       Record No. 1328-05-4          JUDGE ELIZABETH A. McCLANAHAN
                                                          JULY 18, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Mark J. Yeager for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


A jury convicted Kevin David Fields of abduction with intent to defile, rape, and two

counts of forcible sodomy.  Fields challenges only the abduction conviction, contending the

evidence was insufficient to prove his detention of the victim was separate and apart from that

which was necessary for the commission of the other three offenses.  For the reasons that follow,

we affirm his abduction conviction.

I.  BACKGROUND

We view the evidence, and all fair inferences to be drawn from it, in the light most

favorable to the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781,

786, cert. denied, 540 U.S. 972 (2003).  In so doing, we must "'discard the evidence of the

accused in conflict with that of the Commonwealth.'"  Parks v. Commonwealth, 221 Va. 492,

498, 270 S.E.2d 755, 759 (1980) (citation omitted).  At about 10:30 p.m., Merida Gomez and her

boyfriend, Christopher Welsh, walked half a block from their apartment to a bar, where they met

Welsh's friend, Gregory Savage.  There, Fields introduced himself to Gomez, Welsh, and

Savage, and began socializing with them. Welsh left the bar about midnight to assist another friend home. Savage walked Gomez home around 1:15 a.m., leaving her alone in her apartment a few minutes later.

Shortly thereafter, Gomez heard a knock at the front door, saw it was Fields, and opened the door about three inches in order to speak with him, "thinking something had happened to [her] boyfriend." Fields first asked if Welsh was there. After Gomez answered "no," Fields continued to talk. As Gomez said goodnight and started closing the door, Fields pushed his way into the apartment, locked the door, and applied a chokehold to Gomez, causing her to lose consciousness.

When Gomez regained consciousness, Fields was raping her on the living room floor. Fields then went to the kitchen momentarily. Upon returning, Fields picked up Gomez from the floor and penetrated her anus with his finger. He then threw her to the floor near the kitchen and again raped her. Afterwards, Fields picked up Gomez and again choked her, causing her to lose consciousness a second time. When Gomez regained consciousness, she was bent over the couch face down and Fields was anally sodomizing her. After Gomez pleaded with him to stop, Fields picked her up, grabbed her hair and forced her to orally sodomize him. Then, he picked her up and forced her toward a window. Thinking she was about to be thrown out the window, Gomez again pleaded with Fields not to further harm her. At that point, about 1:55 a.m., he released her and left the apartment. Approximately forty minutes elapsed between Fields' initial entry into the apartment and his eventual departure.

Fields was indicted and tried on charges of abduction with intent to defile in violation of Code § 18.2-48, rape in violation of Code § 18.2-61, and two counts of forcible sodomy in violation of Code § 18.2-67.1. At the conclusion of the Commonwealth's evidence, Fields moved to strike the evidence on the abduction charge, arguing that there was insufficient

evidence of restraint separate and apart from that which was necessary for the commission of the alleged sexual assaults. The court took the motion under advisement. Fields renewed the motion at the close of all the evidence, at which time the court denied the motion. The jury found him guilty on all four charges. He then filed a motion to set aside the abduction conviction on the same grounds as his motion to strike, which the court also denied. In doing so, the court concluded as a matter of law that "the force . . . and the restraint used in this case on the victim was more than the amount of force that's inherent in the charges of rape and sodomy . . . ."

Fields challenges only his abduction conviction.[1]

## II. ANALYSIS

"A trial court's judgment approving a jury's verdict is entitled to great weight on appeal[,]" Gray v. Commonwealth, 233 Va. 313, 344, 356 S.E.2d 157, 174 (1987) (citations omitted), and "[w]e are obliged to affirm the judgment . . . unless [it] is plainly wrong or without evidence to support it," Jackson v. Commonwealth, 267 Va. 178, 204, 590 S.E.2d 520, 535 (2004) (citing Code § 8.01-680; Beavers v. Commonwealth, 245 Va. 268, 282, 427 S.E.2d 411, 421 (1993)). Fields argues his conviction for abduction with the intent to defile must be reversed, as a matter of law, because the evidence established that his detention of the victim was, at most, only incidental to the crimes of rape and forcible sodomy for which he was also convicted. We disagree.

---

[1] Defining abduction generally, Code § 18.2-47(A) provides, in pertinent part, that "[a]ny person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of 'abduction' . . . ." Code § 18.2-48, in turn, provides a more severe punishment for (i) abduction "with the intent to extort money or pecuniary benefit"; (ii) abduction "of any person with intent to defile such person"; and (iii) certain child abductions. See McKinley v. Commonwealth, 217 Va. 1, 4, 225 S.E.2d 352, 353 (1976) ("distinguishing feature" between offenses of abduction under Code § 18.2-47(A) (formerly Code § 18.1-36) and Code § 18.2-48 (formerly Code § 18.1-37) is defendant's specific intent); Fitzgerald v. Commonwealth, 223 Va. 615, 632, 292 S.E.2d 798, 808 (1982) (terms "defile" and "sexually molest" are interchangeable within meaning of Code § 18.2-48).

Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), governs the validity of multiple convictions for such contemporaneous crimes. The defendant in Brown was convicted of rape and forcible sodomy. In a subsequent prosecution for conduct arising out of the same criminal episode that led to those convictions, the defendant was convicted of abduction with the intent to defile. Id. at 311, 337 S.E.2d at 712. The defendant challenged his abduction conviction as a double jeopardy violation. The Supreme Court, in rejecting defendant's argument and resolving the constitutional issue, reasoned that the General Assembly intended to authorize separate punishment for abduction under such circumstances to the extent the abduction exceeded the "kind of restraint which is an *intrinsic element* of [the other crime(s)] such as rape, robbery, and assault" for which the defendant was also convicted. Id. at 313-14, 337 S.E.2d at 713 (emphasis added). Accordingly, the Court articulated the following principle:

> one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Id. at 314, 337 S.E.2d at 713-14. On the facts before it, the Court in Brown held that "the detention underlying the abduction conviction was not the kind of restraint that is *inherent* in the act of rape." Id. at 314, 337 S.E.2d at 714 (emphasis added). Thus, the defendant's convictions for both abduction and rape, the Court concluded, did not implicate the double jeopardy guarantee against multiple punishments for the same offense. Id.; see also Walker v. Commonwealth, 47 Va. App. 114, 123, 622 S.E.2d 282, 286-87 (2005) ("Under [Brown], a defendant 'charged with abduction by detention and another crime that factually includes restraint of the victim (e.g., rape or robbery)' as a matter of law cannot 'be convicted of both unless the abduction-detention is factually distinct from the restraint inherent in the other crime.'" (quoting Roger D. Groot, Criminal Offenses & Defenses in Virginia at 3 (5th ed.

- 4 -

2005))), appeal granted, No. 060162 (Va. May 25, 2006); Pryor v. Commonwealth, 48 Va. App. 1, 6, 628 S.E.2d 47, 49 (2006) ("Brown focuses not on whether the restraint was merely useful to perpetrating a detention-plus crime—but whether the restraint was 'intrinsic' to, or 'inherent' in, the detention-plus crime." (citations omitted)).

In recent applications of Brown, this Court has determined that the question of "whether the restraint used during an alleged abduction is greater than the restraint inherent in the underlying crime" is ultimately a "question of law," which we review *de novo*. Wiggins v. Commonwealth, 47 Va. App. 173, 181-83, 622 S.E.2d 774, 777-78 (2005) (citing Hoyt v. Commonwealth, 44 Va. App. 489, 496 n.4, 605 S.E.2d 755, 758 n.4 (2004)); but see id. at 191-93, 622 S.E.2d at 782-84 (Kelsey, J., concurring) (explaining Virginia appellate courts' historical treatment of "incidental detention issue as one of fact for the jury, subject to the deferential review of Code § 8.01-680").

Fields' abduction-detention of the victim was factually distinct from the restraint inherent in his crimes of rape and forcible sodomy. The trial court thus correctly denied Fields' motion to set aside his abduction conviction on grounds of insufficient evidence, and we affirm the conviction.[2] Fields clearly restricted the victim's liberty, with the intent to defile her, by the use

---

[2] Fields acknowledged to the trial court, when arguing his motion to set aside the verdict on the abduction conviction, that the court's ruling denying his motion to strike the evidence on the abduction charge was "probably correct at the time because of the posture of the case." A motion to strike the evidence on an abduction charge based *solely* on the inherent detention issue under Brown could not be granted at that stage of the case because it would be premature to do so. The Brown principle is applicable, if at all, only upon a defendant's actual conviction of one or more of the "other crimes" inherently involving an element of restraint. Absent such conviction, the defendant may be convicted of abduction without implicating Brown. Brown, 230 Va. at 314, 337 S.E.2d at 713-14 (Brown principle is applicable "upon conviction" of "separate offenses" of abduction and detention-plus crime(s)); Walker, 47 Va. App. at 124, 622 S.E.2d at 287 ("Walker's application of Brown to his case suffers from an obvious flaw: He was acquitted – not convicted – of robbery. Walker was not 'subject upon conviction to separate penalties,' Brown, 230 Va. at 314, 337 S.E.2d at 713-14, because he was convicted and punished only for abduction.").

of force far in excess of that inherent in the commission of rape and sodomy where he twice choked her to the point of unconsciousness. Those acts substantially increased the risk of harm to the victim. The very act of choking the victim with such force posed an obvious risk of serious physical injury, if not death. Moreover, once the victim was rendered unconscious, she could no longer cry out for help, thereby decreasing the possibility that Fields would be detected. She was also rendered completely helpless to physically resist his sexual assaults or to attempt escape—no less than if she had been bound and gagged. In addition, Fields further avoided detection by locking the door to the victim's apartment after forcing his way into the apartment. Fields also forced the victim toward a window after lifting her from the floor, leading her to believe she was going to be thrown out the window, which clearly intimidated her. Finally, Fields detained the victim for a significant period of time during this criminal episode, ranging from thirty-five to forty minutes. See Brown, 230 Va. at 314, 337 S.E.2d at 714 (degree of "force and intimidation" used to detain victim was "separate and apart from the restraint inherent in the commission of the rape"); Hoke v. Commonwealth, 237 Va. 303, 311, 377 S.E.2d 595, 600 (1989) (act of binding and gagging victim was detention "greater than 'the kind of restraint that is inherent in the act of rape,' or in the commission of robbery" (quoting Brown, 230 Va. at 314, 337 S.E.2d at 714)); Coram v. Commonwealth, 3 Va. App. 623, 626, 352 S.E.2d 532, 534 (1987) (dragging victim behind bushes and avoiding detection was act of detention "not . . . inherent in or necessary to the restraint required in the commission of attempted rape"); Bell v. Commonwealth, 22 Va. App. 93, 97, 468 S.E.2d 114, 116 (1996) (pulling victim around to side of car and making her lie face down on sidewalk were acts of restraint, asportation, and avoidance of detection "separate and apart from the restraint inherent in either the sexual assault or the robbery"); Hoyt, 44 Va. App. at 494, 605 S.E.2d at 757 ("duration of [victim's] detention" and any "significant danger to the victim independent of that posed by the separate offense" are

- 6 -

significant considerations in deciding inherent detention issue (citations omitted)); <u>Wiggins</u>, 47 Va. App. at 190, 622 S.E.2d at 782 (duration of robbery was significant consideration in finding the restraint of victim "was greater than that inherent in the underlying robbery").

### III.  CONCLUSION

The evidence was sufficient to prove as a matter of law that Fields' abduction-detention of the victim was separate and distinct from the restraint inherent in the commission of the crimes of rape and forcible sodomy.  Accordingly, we affirm his conviction for abduction with intent to defile.

<u>Affirmed.</u>