COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


STEVEN SCOTT MITCHELL, S/K/A
   STEPHEN SCOTT MITCHELL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1838-09-1                      JUDGE RANDOLPH A. BEALES
                                                    AUGUST 17, 2010

COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              A. Joseph Canada, Jr., Judge

                    (Gregory B. Turpin; Clarke, Dolph, Rapaport, Hull, Brunick &
                    Garriott, P.L.C., on brief), for appellant.  Appellant submitting on
                    brief.

                    Robert H. Anderson, III, Senior Assistant Attorney General
                    (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
                    appellee.


        A jury convicted Steven Scott Mitchell (appellant) of sexual assault, third offense, and

abduction with intent to defile.  At the conclusion of the trial, appellant asked the trial court to

strike the abduction charge, arguing that any detention of the victim was "merely incidental" to

the sexual assault.  The trial court denied this motion.  Appellant now alleges on appeal that the

trial court erred in denying his motion to strike.  After reviewing the evidence, we find the trial

court did not err.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. Background

During her lunch break on November 5, 2007, T.J.[1] entered a stairwell in the Town Center Parking Deck and began walking up the stairs, with the intention of going to her car. She sensed that someone was coming up the stairs behind her, so she started to move closer to the side in order to allow that person to go by her. However, before she could move over, this person began "touching" her. He reached up under her skirt and touched her "vagina area" through her undergarments with his right hand. At the same time, he put his left hand over her mouth. T.J. was "pushed forward" on the steps, although not down onto the steps.

T.J. is a petite woman, who weighed approximately 100 pounds at the time of the attack. Although her attacker had a "tight" grip on her, she tried to "toss" her body around in order to free herself of his grasp. She also tried to remove his hand from her mouth. Less than a minute into the attack, the perpetrator removed his hand from T.J.'s mouth and put that arm instead "somewhere around [her] arms."

After a minute or two of struggling, T.J. was able to break free of her attacker. She ran up the stairs, and then she turned to see who attacked her. She saw appellant, who "growled" at her and lunged forward. At this point, T.J. ran out of the stairwell and found someone who could call the police for her.

Appellant admitted during his trial testimony that he committed the sexual assault. He explained that he was watching the parking deck and had not seen anyone go into the stairwell before T.J., so he followed her and attacked her on the stairs. He claimed, however, that the assault lasted only a few seconds and that he did not put his hand over T.J.'s mouth. Appellant

---

[1] In order to better provide a measure of privacy to the victim of appellant's crimes, we use these initials throughout the opinion rather than the victim's actual name.

admitted, however, that T.J. had no reason to lie, and he also admitted that he had a number of prior felony convictions.

## II. Analysis

Appellant claims that, under the principle enunciated in <u>Brown v. Commonwealth</u>, 230 Va. 310, 337 S.E.2d 711 (1985), he cannot be convicted of abduction because any detention of the victim in this case was incidental to the assault. The Commonwealth argues that <u>Brown</u> does not apply to the facts in this case.

The Supreme Court held in <u>Brown</u> that:

> one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime. Other courts follow a similar rule.

230 Va. at 314, 337 S.E.2d at 713-14. Our Court addressed the issue of incidental abductions in <u>Hoyt v. Commonwealth</u>, 44 Va. App. 489, 494, 605 S.E.2d 755, 757 (2004), noting that the "general consensus" of state appellate courts was that abduction charges "do not apply where the kidnapping or abduction is merely an incident of another crime." In reviewing a trial court's determination that an abduction was not incidental to another crime, we defer to the court's factual findings, but we review *de novo* the legal conclusion that the detention was not incidental. <u>Id.</u> at 496 n.4, 605 S.E.2d at 758 n.4. Appellant argues that the trial court erred as a matter of law in finding that his restraint of the victim was more than incidental to the sexual assault that he committed.

When considering whether an abduction is incidental to another crime, courts should consider several factors, including the length of time that the victim was detained, the timing of the abduction and the other crime, the connection between the abduction and the other crime, and

the additional danger to the victim created by the detention.  Wiggins v. Commonwealth, 47 Va. App. 173, 183, 622 S.E.2d 774, 778-79 (2005); Hoyt, 44 Va. App. at 494, 605 S.E.2d at 757.

Here, appellant did more than touch T.J. in a sexual manner.  He also covered her mouth, making it more difficult for her to yell for help and, consequently, more difficult for the public to detect the crime.  This act of covering her mouth did nothing to further the sexual assault itself.  When the victim attempted to get away, appellant continued to hold her and prevented her movement.  He held her for approximately a minute, and then he removed his hand from her mouth and placed that arm tightly around her body, apparently to keep T.J. on the steps.

The facts in this case are similar to the circumstances in Phoung v. Commonwealth, 15 Va. App. 457, 424 S.E.2d 712 (1992), and to the circumstances in Bell v. Commonwealth, 22 Va. App. 93, 468 S.E.2d 114 (1996).

In Phoung, the defendant was charged with the abduction and robbery of two people. 15 Va. App. at 458, 424 S.E.2d at 713.  Phoung and his co-conspirators discovered the second victim on a bed in a bedroom.  Id. at 459, 424 S.E.2d at 713.  They tied her up, leaving her on the bed and covering her with a blanket, while they stole items from the room.  Id.  This Court affirmed the convictions, explaining, "Although there was no remoteness between the time and place of the detention and the robbery of [the victim on the bed], the 'detention was greater than "the kind of restraint that is inherent in the act of . . ." robbery.'"  Id. at 462, 424 S.E.2d at 715 (quoting Hoke v. Commonwealth, 237 Va. 303, 311, 377 S.E.2d 595, 600 (1989)).  Similarly here, although the detention and the sexual assault occurred at approximately the same time, the manner in which appellant restrained the victim was not inherent in the act of sexual assault.  His holding of her and putting his hand over her mouth – and his continuing to restrain her for more than a minute – were not a necessary part of the specific sexual assault that appellant committed here.

In <u>Bell</u>, during the commission of a robbery, Bell pulled the victims to the opposite side of a parked car, so that they would be on the sidewalk and out of the view of people in the apartment across the street. 22 Va. App. at 97, 468 S.E.2d at 116. Bell also sexually assaulted one of the victims. <u>Id.</u> This Court affirmed Bell's conviction for abduction, noting in part that a reasonable factfinder could conclude that his actions were taken to avoid detection – not strictly in furtherance of the commission of robbery and sexual assault. <u>Id.</u> at 98, 468 S.E.2d at 116. Similarly here, appellant put his hand over the victim's mouth and also held her around her upper body – actions that limited the victim's ability to call for and receive assistance but that were not integral to the commission of the sexual assault.

Based on the Supreme Court's opinion in <u>Brown</u>, as well as this Court's opinions in <u>Hoyt</u>, <u>Phoung</u>, and <u>Bell</u>, we find that appellant's detention of the victim on the stairs was not incidental to the sexual assault.[2]

III.  Conclusion

For the foregoing reasons, we find the trial court did not err in denying appellant's motion to strike, and we affirm his conviction for abduction with intent to defile.

<u>Affirmed.</u>

---

[2] The Commonwealth argued on brief that this Court should not rule for appellant in his appeal of the abduction with intent to defile conviction because he did not also appeal his sexual assault conviction. As we affirm the conviction for abduction with intent to defile, we find it unnecessary to address this argument by the Commonwealth.