COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Humphreys and Huff
Argued at Richmond, Virginia


JAVAUGHN MARQUEL BRELAND

                                            MEMORANDUM OPINION* BY
v.       Record No. 2207-11-2                JUDGE ROBERT J. HUMPHREYS
                                            OCTOBER 2, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Theodore J. Markow, Judge Designate

(Ashley L. Slone; Englisby, Vaughn & Slone, on brief), for
appellant. Appellant submitting on brief.

Benjamin H. Katz, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Javaugh Marquel Breland ("Breland") was convicted in the Circuit Court of the County

of Chesterfield ("trial court") of abduction in violation of Code § 18.2-47, assault and battery in

violation of Code § 18.2-57, and petit larceny in violation of Code § 18.2-96. On appeal,

Breland contends that the trial court erred in "denying [his] motion to strike the abduction charge

because the detention underlying that charge was merely incidental to the assault and battery."

For the reasons that follow, we affirm.

I. Background

On December 24, 2010, Zachary Nobles ("Nobles") drove to the WaWa gas station on

Jefferson Davis Highway in Chesterfield County. As he pulled his car into the parking lot,

Breland was in a car that was exiting, and the two cars almost collided. Nobles directed his

middle finger at the driver of the other vehicle before parking and entering the store.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

While Nobles was in line to check out, Breland entered the store and tapped him on the shoulder. Breland asked if Nobles had flipped him off, and Nobles said yes because Breland had almost crashed into him. Breland asked if Nobles wanted to "settle this outside." Nobles was baffled by the invitation and asked if Breland was serious. Breland then walked back outside.

Nobles finished checking out and then proceeded to the men's restroom. As he was facing the toilet, he turned around and noticed that Breland had entered the restroom and was standing up against the door, facing him. Nobles tried to leave the restroom, but Breland was "blocking the door" and "wouldn't let [Nobles] get out." The door was the only way out of the restroom. While he was blocking the door, Breland continued asking why Nobles flipped him off. As this was happening, someone attempted to come into the bathroom, and Breland let that person in. After Breland let the person in, Nobles tried to leave again, but he testified that "it wasn't happening."

At that point, Nobles "came up really close to [Breland], and [Breland] just started punching [Nobles] in the face." Breland punched Nobles four or five times, which knocked Nobles down. While Nobles was on the ground, Breland repeatedly kicked him in the face and ribs. Breland then grabbed Nobles' hat, which had fallen off during the scuffle, and left.

Breland was charged with malicious wounding, abduction, and grand larceny. Breland was tried by a bench trial, and the trial court found him guilty of the abduction charge and the lesser-included offenses of assault and battery and petit larceny. Breland then noted this appeal.

## II. Analysis

On appeal, Breland argues that the trial court should have struck his abduction charge, because it was merely incidental to the assault and battery. In analyzing this issue, we note our standard of review: "[w]hether an abduction is merely incidental to another crime is a question of law. However, because no two crimes are exactly alike, determining whether an abduction is

incidental necessarily requires consideration of the historical facts of each case." Hoyt v.

Commonwealth, 44 Va. App. 489, 496 n.4, 605 S.E.2d 755, 758 n.4 (2004). Therefore, "[w]e

defer to the trial court's findings of historical fact, but we review *de novo* the trial court's

application of those facts to the law." Id.

The rule Breland relies upon, which has been referred to as the incidental detention

doctrine, draws its origin in the Commonwealth from our Supreme Court's holding in Brown v.

Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985). In that case, the Supreme Court held that

> one accused of abduction by detention and another crime involving
> restraint of the victim, both growing out of a continuing course of
> conduct, is subject upon conviction to separate penalties for
> separate offenses only when the detention committed in the act of
> abduction is separate and apart from, and not merely incidental to,
> the restraint employed in the commission of the other crime.[1]

Id. at 314, 337 S.E.2d at 713-14. This rule "focuses not on whether the restraint was merely

useful to perpetrating a detention-plus crime -- but whether the restraint was 'intrinsic' to or

'inherent' in the detention-plus crime." Pryor v. Commonwealth, 48 Va. App. 1, 6, 628 S.E.2d

47, 49 (2006) (internal citations omitted).

In Hoyt v. Commonwealth, 44 Va. App. 489, 605 S.E.2d 755 (2004), we discussed how

courts in the Commonwealth and other states have historically applied the rule. We explained

that, while there was no universal test, there are four main factors that courts use to determine

whether an abduction is incidental to another offense.

> Those factors are: (1) the duration of the detention or asportation;
> (2) whether the detention or asportation occurred during the
> commission of a separate offense; (3) whether the detention or
> asportation which occurred is inherent in the separate offense; and

---

[1] The Supreme Court clarified that this ruling "only applies when a defendant is convicted of two or more crimes arising out of the same factual episode and, thus, the guarantee of double jeopardy may be implicated." Walker v. Commonwealth, 272 Va. 511, 516, 636 S.E.2d 476, 479 (2006). Since the trial court convicted Breland of assault and battery in addition to abduction in connection to the same factual episode, the rule is applicable in this case.

- 3 -

(4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense.

Id. at 494, 605 S.E.2d at 757 (quoting Gov't of Virgin Islands v. Berry, 604 F.2d 221, 226 (3d Cir. 1979)).

When you apply this test to the facts of this case, it is clear that the abduction was separate and apart from, and not merely incidental to, the restraint used in the assault and battery. Brown, 230 Va. at 314, 337 S.E.2d at 713-14. While the record does not provide an exact duration of Breland's detention of Nobles, the facts and nature of this case suggest that the detention did not last long. Additionally, there is no indication that the detention created any significant danger to the victim independent of the impending assault and battery. Nevertheless, all of the elements of the abduction occurred entirely before the assault and battery began.[2] Breland could have committed the assault and battery without first detaining Breland in the bathroom. Instead, he blocked the only exit from the bathroom while he questioned Nobles. Furthermore, while some form of detention may be inherent in an assault and battery, such as pinning the victim down or putting the victim in a head lock, the detention that occurred here was not of that type.

Given the facts of this case, we hold that the abduction was separate and apart from, and not merely incidental to, the restraint used in the assault and battery, and therefore, the trial court did not err in denying Breland's motion to strike. Thus, we affirm the judgment of the trial court below.

Affirmed.

---

[2] Abduction under Code § 18.2-47(a) states in relevant part that "[a]ny person who, by . . . intimidation . . . , and without legal justification or excuse, . . . detains . . . another person with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of 'abduction.'" It is clear from the record that Breland's acts satisfied the elements of the offense before the assault and battery occurred.