# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Beales and AtLee
Argued by teleconference

KEVIN MILES LYDON

MEMORANDUM OPINION[*] BY
v.      Record No. 1436-18-4          CHIEF JUDGE MARLA GRAFF DECKER
JULY 21, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Steven S. Smith, Judge

Marvin D. Miller (Law Offices of Marvin D. Miller, on briefs), for
appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Kevin Miles Lydon appeals his conviction for abduction with the intent to defile, in

violation of Code § 18.2-48.  He argues that he restrained the victim only to the extent necessary to

commit the accompanying sex offenses and therefore the record did not provide an independent

basis to support the abduction conviction.  After reviewing the record and applicable law, we

conclude that the evidence, if believed by the jury, established that the appellant engaged in more

restraint of the victim than was necessary to accomplish the other offenses.  Therefore, the court did

not err in denying the appellant's motions to strike the abduction charge, made after presentation of

evidence, or in denying his motion to dismiss the abduction "indictment," which he made after the

jury found him guilty.  As a result, we affirm the conviction for abduction with intent to defile.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

The appellant's abduction conviction arose from acts committed by him against the victim at their workplace. On August 11, 2016, the victim, S.H., was working her evening shift cleaning an office building. She is an immigrant from El Salvador who speaks very little English. S.H. did not know the appellant, who is retired from the Army and at the time of the offenses was working for a "special forces group" that taught surveillance techniques.

At trial, the victim provided an account of the incidents that occurred on the night of August 11. She testified that she first saw the appellant that evening in the hallway. He summoned her into the kitchen, where he then gave her an unsolicited hug. S.H. was able to end the hug by ducking underneath the appellant's arm. Later that night, she went to clean the men's restroom. She propped open the door with a garbage bin and placed a sign so that people would know not to enter the men's room while she was cleaning. As she cleaned the mirror behind the sink, the appellant approached her. He grabbed her, turned her around, and lifted her onto the sink. He then lowered his pants. S.H. was unable to escape because the appellant continued to hold her in place by her hand. The appellant used his free hand to grope the victim's breasts. Despite S.H.'s protests, the appellant masturbated and ejaculated onto her shirt. He also lowered her pants and touched inside her vagina. S.H. continued to struggle, told him no, and asked him to let her go, but the appellant just laughed. He was taller than S.H., and she described him as "really strong." At some point, however, she finally escaped into the hallway.

S.H. did not immediately report the attack out of fear of losing her job. Instead, she retreated to a storage closet to collect herself. After seeing no cars outside of the building, she tried

---

[1] In accordance with well-established principles, an appellate court reviews "the evidence in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." Vasquez v. Commonwealth, 291 Va. 232, 236 (2016) (quoting Bowman v. Commonwealth, 290 Va. 492, 494 (2015)).

to finish her cleaning duties for the shift. As she continued cleaning, she encountered the appellant in the hallway on the second floor. The appellant followed her into an office and again sexually assaulted her. This time he put his fingers and then, separately, his penis in her vagina. As he had done earlier, he laughed during the assault. S.H. reported the attacks two days later.

The abduction charge was based on the appellant's actions in the bathroom. He made motions to strike and a motion to dismiss that charge. He argued that the abduction was inherent in the counts of aggravated sexual battery that arose from the encounter in the men's room. The trial court denied the motions.

The jury convicted the appellant of abduction with the intent to defile, four counts of aggravated sexual battery, two counts of object sexual penetration, two counts of indecent exposure, two counts of obscene sexual display, and rape.[2] The court imposed the jury's sentence of sixty-two years, ordering the sentences to run concurrently for a total of twenty years in prison.

## II. ANALYSIS

The appellant argues that the trial court erred by refusing to strike or dismiss the abduction charge because the restraint that served as the basis for the abduction was inherent in and incidental to the aggravated sexual batteries.

The issue of "whether the detention established by the evidence is 'the kind of restraint which is *an intrinsic element*'" of a crime such as aggravated sexual battery "is a question of law to be determined by the court." Lawlor v. Commonwealth, 285 Va. 187, 229 (2013) (quoting Brown v. Commonwealth, 230 Va. 310, 314 (1985) (emphasis added)). Consequently, on appeal, we review this overarching issue *de novo*. Vay v. Commonwealth, 67 Va. App. 236, 255 (2017). However, "because no two crimes are exactly alike, determining whether an abduction is incidental

_____

[2] The convictions for aggravated sexual battery, object sexual penetration, indecent exposure, obscene sexual display, and rape are not before the Court at this stage of the appeal.

necessarily requires consideration of the historical facts of each case." Hoyt v. Commonwealth, 44 Va. App. 489, 496 n.4 (2004). Therefore, we defer to findings of historical fact that have support in the record. See id.

"[T]he General Assembly 'did not intend to make the kind of restraint which is an intrinsic element of crimes such as rape, robbery, and assault a criminal act, punishable as a separate offense.'" Vay, 67 Va. App. at 250 (quoting Hoyt, 44 Va. App. at 492); see also Lawlor, 285 Va. at 224-25 (noting that this principle stems from a double jeopardy analysis). Rather, for restraint to be punishable as a separate abduction offense, the detention must be "separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime[s]." Vay, 67 Va. App. at 250 (quoting Brown, 230 Va. at 314).

The Supreme Court of Virginia has made clear that in such cases "*[t]he only issue . . . is whether any detention exceeded the minimum necessary* to complete the required elements of the other offense." Lawlor, 285 Va. at 225 (emphases added). The focus is "not on whether the restraint was merely useful to perpetrating a detention-plus crime[] but whether the restraint was 'intrinsic' to or 'inherent' in" the other crime. Pryor v. Commonwealth, 48 Va. App. 1, 6 (2006) (first quoting Cardwell v. Commonwealth, 248 Va. 501, 511 (1994); and then quoting Bell v. Commonwealth, 22 Va. App. 93, 97 (1996); and Coram v. Commonwealth, 3 Va. App. 623, 625-26 (1987)). In conducting this analysis, a court may consider the length of the detention, the timing of the abduction and the other crime, the connection between the abduction and the other crime, and the additional danger to the victim caused by the detention. Wiggins v. Commonwealth, 47 Va. App. 173, 183 (2005).

The appellant was convicted of two aggravated sexual battery offenses against the victim based on his actions in the men's restroom. See Code § 18.2-67.3. Those convictions required the Commonwealth to prove that he sexually abused the victim "by force, threat or intimidation." Id.

As a result, the aggravated sexual batteries had to occur against the victim's will. The restraint *necessary* to accomplish each aggravated sexual battery was an intrinsic element of that offense. See Lawlor, 285 Va. at 226 (explaining that restraint is an intrinsic element of rape). However, "additional restraint, either as to duration or degree, is not inherent . . . and therefore is not an intrinsic element" of sexual battery. See id.

The question in this case is whether the appellant restrained the victim in the bathroom *only* to the extent necessary to touch her breasts and vagina against her will. This requires a review of the record in the context of the applicable law. English was not S.H.'s first language, yet she communicated that she did not want the appellant to touch her. He was "really strong" and taller than S.H. He detained S.H. in the men's restroom in the evening hours. Despite having her cornered in the closed restroom, before the appellant committed the aggravated sexual batteries, he grabbed the victim, picked her up, and placed her on the bathroom sink.

The trial court correctly concluded that the evidence presented by the Commonwealth, "if believed by the jury, was sufficient to support separate convictions for abduction with the intent to defile" and the aggravated sexual battery offenses.[3] See Vay, 67 Va. App. at 253. The specific sex crimes could have been accomplished with the victim standing on the ground. She was already pinned in place in the men's restroom by the appellant and unable to escape. Nonetheless, the appellant went further and made the victim's escape even more difficult by lifting her off her feet and perching her on the sink, increasing the degree of restraint. These actions resulted in additional restraint greater than the detention intrinsic to or incidental in the specific sexual offenses committed in the restroom. Therefore, the record supported the conclusion that the appellant

---

[3] The jury was properly instructed on the abduction charge. It was instructed only on the elements of abduction and not the "incidental to" question. That legal analysis was correctly conducted by the trial judge. See Lawlor, 285 Va. at 229 (affirming the trial court's refusal to instruct the jury on the inherent detention doctrine).

restrained the victim beyond that which was necessary to accomplish the aggravated sexual batteries.[4] Consequently, the trial court correctly held that the abduction was not inherent in the other crimes and it could proceed to the jury as a separately charged offense.

In deciding this case, the ruling in Bell v. Commonwealth, 22 Va. App. 93 (1996), is instructive.[5] In that case, the assailant held the victim at gunpoint and took her jewelry. Bell, 22 Va. App. at 96. He then ordered her to lie face down on the sidewalk on the other side of a car. Id. at 97. As the victim lay on the ground, the assailant patted down her thighs and buttocks. Id. He unzipped her pants and inserted his fingers into her vagina. Id. On appeal, this Court held that the evidence supported the finding that moving the victim around the car and ordering her to the ground was "separate and apart from the restraint inherent in either the sexual assault or the robbery." Id. As in this case, the defendant in Bell argued that he restrained the victim only to effectuate the accompanying offenses. In both cases, the abduction occurred in conjunction with the other crimes. In Bell, we held that the abduction was an additional restraint used to avoid detection of the sexual assault but was unnecessary in order to perpetrate it. Id. at 98. Similarly, here, physically moving the victim from the floor to a position on the sink was an additional restraint that made it easier for the appellant to perpetrate the sexual batteries and harder for the victim to escape but was not necessary to commit those crimes  Although the appellant's placement of S.H. on the sink increased his level of physical dominance over her, certainly no evidence in the record compels the conclusion

---

[4] The appellant suggested at oral argument that it was physically impossible for him to touch the victim's breasts or vagina without raising her up on the sink due to his limited range of motion and their height difference. The appellant did not make this argument to the trial court. Assuming without deciding that this argument is preserved, it is without merit for the reasons already discussed.

[5] Neither party cited this case. See generally Couplin v. Payne, 270 Va. 129, 134 n.3 (2005) (discussing a case that was not cited by either party); Tjan v. Commonwealth, 46 Va. App. 698, 711-12 (2005) (same). Counsel for the appellant filed a post-argument letter asserting that it has no application here.

that he needed to put her there in order to touch her breasts or vagina. See, e.g., Pryor, 48 Va. App. at 6 (explaining that the focus is not on "whether the restraint was merely useful to perpetrating a detention-plus crime" but instead whether it was intrinsic to or inherent in the "detention-plus crime"). As in Bell, these actions constituted the separate crime of abduction.

The appellant relies on Hoyt and Wiggins, in support of his argument. In Hoyt, 44 Va. App. at 491, 497, this Court held that forcing an employee to walk ten feet to empty the cash register was incidental to the robbery and was not an abduction. In Wiggins, 47 Va. App. at 176-77, the appeal involved two robberies in which the defendant forced employees to walk between five and seven feet to get money from safes. As in Hoyt, those restraints were held to be incidental to the underlying robberies. Wiggins, 47 Va. App. at 188.

The appellant's reliance on Hoyt and Wiggins is unpersuasive. In those cases, the restraints that were determined to be incidental to the robberies were necessary to complete them. Hoyt, 44 Va. App. at 497; Wiggins, 47 Va. App. at 186. In contrast here, the appellant's movement of S.H. to a more vulnerable position on the sink, further diminishing her ability to escape, was not necessary to complete the aggravated sexual batteries, which involved touching her breasts and vagina against her will.

The trial court correctly held that the Commonwealth's evidence, if believed by the jury, proved a use of restraint that was not inherent in or incidental to the aggravated sexual batteries. Consequently, the court did not err in denying the appellant's motions to strike or to dismiss the charge of abduction with the intent to defile.

## III. CONCLUSION

We hold that the record supports the conclusion that the appellant restrained the victim to a greater degree than necessary to accomplish the aggravated sexual batteries. For this reason, we

- 7 -

affirm the conviction for abduction with the intent to defile but remand for the correction of clerical errors.[6]

Affirmed and remanded.

---

[6] The sentencing order claims to impose the jury's sentence of two years for case number CR16004276-00. However, the jury fixed the appellant's sentence for that conviction at two years and six months. In addition, the order incorrectly provides that the total sentence is sixty years, as opposed to sixty-two years. Consequently, we remand to the trial court solely for a correction of the clerical errors. See Code § 8.01-428(B); Howell v. Commonwealth, 274 Va. 737, 739 n.*, 742 (2007); Atkins v. Commonwealth, 68 Va. App. 1, 10 (2017).